**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RAUL JACOBO CASTANEDA, #1170560, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0406-L |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Hodge Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Rusk, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process to Respondent in this case.

Statement of the Case: Petitioner pled guilty to delivery of methamphetamine and possession with intent to deliver methamphetamine in the 292nd Judicial District Court of Dallas County, Texas, Cause No. F02-20165-V and F02-021066-V. (Petition (Pet.) at 2). Punishment

was assessed at thirty-five years imprisonment on May 16, 2002.  (Id.). Petitioner appealed to the

Fifth District Court of Appeals, which in turn transferred his appeal to the Tenth District Court

of Appeals.  Castaneda v. State, 05-03-00837-CR  (Tex. App. – Dallas, Jul. 7, 2003),

http://www.courtstuff.com/FILES/05/03/05030837.HTM  (docket sheet information generated

April 18, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at

Dallas).  On December 29, 2004, the Tenth District Court of Appeals at Waco affirmed

Petitioner's convictions and sentences.  (Pet. at 3).  Petitioner did not file a petition for

discretionary review.  (Id.).

Since the affirmance of his convictions, Petitioner has not filed a state habeas application

pursuant to art. 11.07, Texas Code of Criminal Procedure.  (Pet. at 3).  He previously filed two

art. 11.07 applications, which were dismissed because his direct appeal was pending.  Ex parte

Castaneda, WR-58,700-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?

Filing ID=224966 (docket sheet information generated April 25, 2005) (Official internet site of

the Texas Court of Criminal Appeals).  See also WR-58,700-02.

In his federal petition, filed on February 25, 2005, Petitioner alleges he received the

ineffective assistance of counsel at trial.  (Pet. at 7).  Counsel allegedly failed to file timely

motions and prepare for trial, failed to object to the state's interjection of the deadly weapon

issue at the guilty phase of trial, and failed to object when the State repeatedly elicited testimony

designed to unfairly prejudice the jury on the basis of Petitioner's nationality and ethnicity.

(Id.).

Findings and Conclusions:  It is well settled that a state prisoner must exhaust all

available state court habeas corpus remedies before a federal court will consider the merits of his

claims.  28 U.S.C. § 2254(b) and (c).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518 (1982).  In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review.  Shute v. State of Texas, 117 F.3d 233, 237 (5th Cir. 1997); Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429, 430-31 (5th Cir. 1985).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986); Richardson, 762 F.2d at 430-32; see also Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement.  It appears that he filed neither a PDR nor an art. 11.07 application following the affirmance of his convictions on December 29, 2004.  (Pet. at 3).  The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the claims which Petitioner raises in this action.  Accordingly, this petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to refile after exhausting state habeas corpus remedies.  See Rose v. Lundy, *supra*.[1]

---

[1]    The court cautions Petitioner that the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any petition that Petitioner files in this court.  The court further cautions Petitioner that the filing of a federal habeas corpus petition, such as the one at issue in this case, does not toll the statute of limitations for federal habeas relief.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).  Moreover, since the present petition only raises one ground of relief, the court need not address the stay and abeyance

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner Raul Jacobo Castaneda, #1170560, TDCJ, Hodge Unit, P.O. Box 999, Rusk, Texas 75785.

Signed this 25th day of April, 2005.

_Wm. F. Sanderson, Jr._

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

of mixed habeas petitions recently addressed by the Supreme Court in Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

4